## ZIMMER *vs.* THOMPSON ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where a warrantor is called in by the defendant, and the sheriff's return
shows he has not been found, it is the duty of the party calling him, to
use all diligence to have him cited; or a curator *ad hoc* appointed to
defend him, if he resides out of the state.

This is a redhibitory action.   The plaintiff alleges he
became the purchaser of a slave named Betsey, at auction,
for the sum of one thousand and seventy dollars, which
belonged to, and was put up to be sold at public auction by
the defendants, and warranted to be a good house servant,
cook, washer and ironer, and fully guaranteed against all
redhibitory vices.   He further shows, that said slave did not
possess the qualifications, as a good servant, with which she
was sold; and was consumptive and in declining health at
the time of the sale, to the knowledge of the defendants,
and which they concealed.   That he has tendered said slave

to the defendants, and demanded the price to be paid back, and the sale cancelled, but that they have refused to comply. Wherefore he prays judgment, requiring the defendants to take back the slave, return him the price, and have the sale cancelled.

EASTERN DIST.
January, 1839.

ZIMMER
vs.
THOMPSON ET AL.

The defendants pleaded a general denial; and further averred that they purchased this slave with others, from one Taylor, residing in Tennessee, at the relative price of one thousand dollars, whom they pray leave to call in warranty, and to have judgment over against him in warranty in case of recovery by the plaintiff.

The sheriff returned, that the warrantor could not be found in his parish.

The cause was placed on the trial docket. On the day it was called the defendant's counsel objected to go to trial, because the case was not properly at issue, the warrantor not having answered; and the call in warranty was not served on any person appointed to represent him. The objection was overruled, and the defendant's counsel took his bill of exceptions.

The plaintiff made out his case and had judgment, from which the defendant's appealed.

*Rousseau*, for the plaintiff.

*Roselius*, for the defendants and appellants.

*Martin, J.*, delivered the opinion of the court.

The plaintiff seeks the rescission of a sale of a slave, on the ground that she has been sold as a good house servant, plain cook, washer and ironer, and is unable to cook, wash, or iron ; and labored besides at the time of the sale, and still labors under a redhibitory disease. The general issue was pleaded, there was judgment for the plaintiff, and the defendants appealed.

Our attention is first drawn to a bill of exceptions, taken to the opinion of the court, ordering the trial to proceed, notwithstanding defendant's allegation, that the cause had been

EASTERN DIST. *January*, 1839.

Where a warrantor is called in by the defendant and the sheriff's return shows he has not been found, it is the duty of the party calling him to use all diligence to have him cited, or a curator *ad hoc* appointed to defend him, if he resides out of the state.

irregularly set down for trial, before her vendor, whom she had prayed leave to call in warranty had been cited.

It does not appear to us the court erred. The sheriff returned, that the warrantor could not be found in his parish, and the defendant suffered more than a month to elapse without taking out an *alias* citation, or causing a curator to be appointed to the warrantor, who resides out of the state, to the knowledge of the defendant. A warrantor being cited by the defendant, for the benefit of the latter, the plaintiff is under no obligation to take any steps to have the citation served or a curator appointed; nor to wait an unreasonable time for this being done by the defendant.

On the merits, the plaintiff fully proved his case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.